IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| Plaintiff, | § § | |
| V. | § § | CR. No. C-06-93 (1) |
| ISMAEL GRIMALDO, JR., | § § § | |
| Defendant. | § | |

### ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

Pending before the Court is Defendant Ismael Grimaldo, Jr.'s ("Grimaldo") "Petition to Correct Miscalculated Criminal History Points on (PSR) under U.S.C. 18 § 3582(c)(2)," received by the Clerk on April 9, 2008. (D.E. 33.) In it, Grimaldo argues that his sentence should be reduced based on the "new 4A1.1 Amendment," which the Court believes is a reference to Amendment 709 to the United States Sentencing Guidelines, which he references as He claims that one of his criminal history points from his original PSR would not be scored under the amended guideline. He thus asks that the Court resentence him under the new guidelines and take into account "improvements" he has made since being incarcerated. (D.E. 33 at 1-2.) For the reasons set forth herein, Grimaldo's motion is DENIED.

### I. BACKGROUND

On March 28, 2006, Grimaldo pleaded guilty to the sole count of the indictment against him, which charged him with the transportation of illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i). (D.E. 2, 21). He was sentenced on June 26, 2006 to 45 months in the custody of the Bureau of Prisons, to be followed by a three-year

term of supervised release. (D.E. 29, 31.) The Court also imposed a $200 fine and a $100 special assessment. (D.E. 29, 31.) Judgment was entered against him on June 30, 2006. (D.E. 31.) Grimaldo did not appeal and had not filed any post-conviction motions prior to the instant motion.

## II. ANALYSIS

**A.     18 U.S.C. § 3582(c)(2)**

The statute pursuant to which Grimaldo seeks relief, 18 U.S.C. § 3582(c)(2), permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, but only if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).

The pertinent policy statement is found at United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines") § 1B1.10. Id. This provision lists the amendments to the Guidelines that are eligible for retroactive effect. U.S.S.G. § 1B1.10(c). If an amendment is not listed in that section, a retroactive reduction in sentence is not authorized. U.S.S.G. § 1B1.10(a); see also United States v. Gonzalez-Balderas, 105 F.3d 981 (5th Cir. 1997).[1]

**B.     Amendment 709**

Grimaldo requests relief pursuant to Guideline Amendment 709, which modified a provision of the guidelines that directs how to compute a defendant's criminal history, U.S.S.G. § 4A1.2. It was one of a number of amendments which became effective on November 1, 2007, long after Grimaldo

---

[1] Even where an amendment can be applied retroactively, whether to reduce a sentence is left to the sound discretion of the trial court. Boe, 117 F.3d at 831; United States v. Posada-Rios, 158 F.3d 832, 880 (5th Cir. 1998).

was sentenced. Thus, he is entitled to relief under Amendment 709 only if that Amendment is retroactively applicable.

Amendment 709 is not included in U.S.S.G. § 1B1.10(c) as an amendment to be applied retroactively; therefore, it is not retroactive. Other courts that have addressed the issue have reached the same conclusion. See, e.g., United States v. Cofield, 2007 WL 4532938, *1 (4th Cir. Dec. 26, 2007) (unpublished) (Amendment 709 is not retroactive); United States v. Wilson, 2008 WL 544973, *1 (D. Minn. Feb. 26, 2008) (collecting authority and noting that "[a]lthough Amendment 709 became effective less than three months ago, a significant number of federal courts have already held, without exception, that the Amendment is not retroactively applicable").

Because Amendment 709 cannot be retroactively applied to Grimaldo's case, he is not entitled to a reduction in sentence. His motion is therefore DENIED.

### III. CONCLUSION

For the foregoing reasons, Grimaldo's motion for relief pursuant to 18 U.S.C. § 3582(c)(2) (D.E. 33) is DENIED.

It is so ORDERED this 18th day of April, 2008.

_____
Janis Graham Jack
United States District Judge