IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CR. No. C-06-93 (1) |
| | § | |
| ISMAEL GRIMALDO, JR., | § | |
| Defendant. | § | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND DENYING REQUEST FOR DOCUMENTS AT GOVERNMENT EXPENSE**

By Order signed and entered April 18, 2008, the Court denied Defendant Ismael Grimaldo, Jr.'s ("Grimaldo") motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). (D.E. 34, denying D.E. 33.) On May 1, 2008, the Clerk received from Grimaldo a Notice of Appeal appealing from that Order. (D.E. 35.) The Court subsequently terminated Grimaldo's appointed counsel from the underlying criminal proceedings, in order to make clear that appointed counsel had no obligations with regard to Grimaldo's most recent appeal. (D.E. 37.)

Grimaldo has now filed a separate letter motion seeking the appointment of counsel to represent him on appeal. (D.E. 40.) The Clerk has also received from him a letter in which he requests a copy of the forms for ordering a transcript of his sentencing. (D.E. 39.) Although it is not clear, this same letter also appears to be requesting copies of his sentencing transcript at government expense, as well as a copy of his plea agreement and "any hearings held in regards to [his] sentence." (D.E. 39 at 1.) Both of these motions are addressed herein.

**I.      Motion for Appointment of Counsel**

Grimaldo is not appealing his criminal judgment, but the denial of a post-conviction motion he filed *pro se*. Grimaldo was not entitled to counsel to represent him in prosecuting his motion for reduction of sentence, nor is he entitled to counsel to appeal the denial of that motion. United States

1

v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995) (defendant had no constitutional right to appointed counsel for purpose of bringing a post-conviction motion to reduce sentence based on post-sentencing amendment to sentencing guideline, nor is the motion an "ancillary matter" within the meaning of 18 U.S.C. § 3006A(c)). Moreover, he has not shown that the interests of justice require appointment of counsel. Accordingly, his motion for appointment of counsel (D.E. 40) is DENIED.

## II.     Motion for Documents At Government Expense

As to Grimaldo's request for documents at government expense in his case, Grimaldo has not shown that he is entitled to those documents. Assuming that Grimaldo could establish that he is indigent,[1] an indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317 (1976). The defendant must establish, however, that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

Grimaldo's appeal was denied on the grounds that he was requesting relief pursuant to a sentencing guideline amendment that is not retroactive. The Court's denial of his motion was premised solely on the legal principle that a non-retroactive amendment did not entitle Grimaldo to relief. (See D.E. 34.) The transcript of his sentencing has no bearing on that issue, nor does his plea agreement. Thus, reference to those documents is not needed to decide an issue in his appeal. See 28 U.S.C. § 753(f). Accordingly, he has not shown that he is entitled to a transcript or other portions of the record at government expense. See id.

For the foregoing reasons, to the extent his letter can be construed as a motion for documents or his transcript at government expense, that motion (D.E. 39) is DENIED.

---

[1] Grimaldo has not submitted an affidavit of indigency, nor any financial information concerning his prison account or his financial condition. Because the Court resolves his motion on other grounds, it is not necessary to make a determination at this time as to Grimaldo's financial ability to obtain those documents.

If Grimaldo is interested in receiving a copy of the sentencing transcript or other documents at his own expense, he may contact the Clerk. To that end, the Clerk is directed to provide Grimaldo with a copy of the docket sheet in his case, as well as instructions as to how to order a transcript or other documents at his own expense.

It is so ORDERED this 23rd day of May, 2008.

_____
Janis Graham Jack
United States District Judge